UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================
LEEOR BERKOWITZ individually and
on behalf of all others similarly situated

                          Plaintiff,

      -against-

AMSHER COLLECTION SERVICES, INC.

                          Defendant.
===================================

**CLASS ACTION COMPLAINT**

*I.    Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1. Plaintiff Leeor Berkowitz brings this action to secure redress from unlawful collection practices engaged in by Defendant Amsher Collection Services, Inc. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II. Parties

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located in Birmingham, Alabama.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III. Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV. Factual Allegations

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about April 27, 2017, Amsher Collection Services sent a collection letter to the Plaintiff Leeor Berkowitz.

12. The said letter was an effort to collect on a consumer debt.

13. Upon information and belief, the said letter was the Defendant's initial communication with the Plaintiff.

14. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

15. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

16. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

17. The said letter misstated the actual amount of the debt by stating that $598.47 was owed, yet the letter did not itemize the expenses or explain the amount of the debt in any way.

18. The April 27, 2017 letter did not specify the amount of the collection fee, nor disclose that Defendant is attempting to collect a collection fee.

19. Since the collection fee that the Defendant is attempting to collect is a fee in excess of the actual debt, it must be explicitly itemized as such, yet the Defendant chose to withhold such information.

20. The April 27, 2017 letter, by unilaterally determining that $598.47 was the amount owed, misstated the actual amount of the debt as it did not indicate that included in the amount due was a collection fee of $40.54 that the Defendant was

attempting to collect.

21. The Defendant necessarily had to specify separately, an amount that it intended to charge (or had already charged) as collection fees and not merely lump it together with the total amount due.[1]

22. 15 U.S.C. § 1692e of the FDCPA states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (2)(A) "the character, amount, or legal status of any debt[.]"

23. 15 U.S.C. § 1692f of the FDCPA states: "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

24. The said April 27, 2017 letter does mislead the least sophisticated consumer, as nowhere does the Defendant explain that it is seeking to collect collection fees.

25. Plaintiff was confused why his bill had now reached the amount of $598.47.

26. The only way for a consumer to ascertain as to how the total amount due had been calculated by the Defendant would be to call up the Defendant and have the Defendant clarify it accordingly.

27. By stating "**Total Due: $598.47**", not only did the Defendant lump the amount together, but the Defendant led the Plaintiff to believe that amount stated in the letter was solely the amount of the medical bill incurred.

---

[1] See *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004) (failed to disclose that $388.54 debt included claim for $250 attorney collection fee ) *Dowdy v. Solutia Healthcare TAS, Inc.*, No. 1:05-0090, 2006 U.S. Dist. LEXIS 88899, 2006 WL 3545047 at *7-9 (M.D. Tenn. Dec. 7, 2006) (citing *Fields* and concluding that defendant's collection letter violated § 1692e when it failed to clearly reflect the addition of the collection costs to the "principal balance" owed.); *Richard v. Oak Tree Group, Inc.*, 614 F. Supp. 2d 814 (W.D. Mich. 2008) (The inclusion of unaccrued collection agency fees hidden within the stated amount of the debt violated §1692e(2)(A), (B), and § 1692f(1).)

28. The said April 27, 2017 letter is misleading because it gives a false impression of the character of the debt.

29. The Defendant was supposed to itemize the various charges that comprise the total amount of the debt.

30. Upon information and belief, it is the Defendant's pattern and practice to use false, deceptive, or misleading representations when collecting debts from debtors.

31. Upon information and belief, it is the Defendant's pattern and practice to not itemize the expenses or explain the amount of the debt in any way.[2]

32. Defendant falsely represented the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A).

33. In addition, the collection fee the Defendant unfairly sought to collect was unauthorized in violation of 15 U.S.C. § 1692f(1).

34. The collection fee was not expressly authorized by the agreement, nor permitted by law.

35. Defendant's April 27, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A), 1692f and 1692f(1) for failing to specify the amount of the collection fee, and for failing to disclose that Defendant was attempting to collect a collection fee.

36. The Plaintiff alleges and avers that the statement in the said letter is false and misleading, in violation of 15 U.S.C. §§

37.

---

[2] *Acik v. IC System, Inc.*, 640 F. Supp. 2d 1019 (N.D. Ill. 2009) (The court held that the debt collector's letter would leave even a sophisticated consumer guessing as to what the "Additional Client Charges" label represented. The question under 15 U.S.C.S. § 1692e was not whether these charges were fair or proper, but whether the fees were clearly and fairly communicated so that the consumer could ascertain the fees' validity.)

38. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

39. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

40. The Plaintiff alleges and avers that the Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

41. The Plaintiff alleges and avers that the Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

42. The Plaintiff alleges and avers that the Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

43. The Plaintiff alleges and avers that the Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that the Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

45. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

46. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## V. *Class Allegations*

47. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

48. The identities of all class members are readily ascertainable from the records of Amsher Collection Services, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

49. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Amsher Collection Services, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

50. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

51. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

52. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

53. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex

legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

54. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

55. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

56. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

57. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VI.   First Cause of Action

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. This cause of action is brought on behalf of Plaintiff and the members of a class that consist of all persons whom Defendant's records reflect resided in the State of New York:

   a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

   b) the letter was sent to a consumer seeking payment of a personal debt;

   c) the collection letter was not returned by the postal service as undelivered;

   d) the Defendant violated 1692e, 1692e(10), 1692e(2)(A), 1692e(2)(B), 1692f and 1692f(1) for failing to specify the amount of the collection fee, and for failing to disclose that Defendant was attempting to collect a collection fee.

### VII.   Violations of the Fair Debt Collection Practices Act

60. Defendant's actions as set forth in the complaint violated the FDCPA.

61. Because Defendant violated the FDCPA, Plaintiff and members of the class are entitled to damages in accordance with the FDCPA.

62. As a direct and proximate result of these violations Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *VIII. Jury Demand*

63. Plaintiff demands a trial by jury.

### *IX. Prayer for Relief*

64. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
 June 12, 2017

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

-11-



AMSHER COLLECTION SERVICES, INC.
4524 Southlake Parkway, Suite 15
Birmingham, AL 35244

Mon - Thurs 8:00AM to 7:00PM CST
Friday 8:00AM to 5:30PM CST
1-877-322-9724



April 27, 2017

Leeor Berkowitz
**Redacted** **Redacted**

| Account Summary | |
|---|---|
| Original Creditor | T-MOBILE |
| Creditor's Acct # | **Redacted** 13 |
| AmSher Acct # | 19545653 |
| Total Due | $598.47 |

Dear Leeor Berkowitz:

The account shown here is unpaid and the balance owed has been placed with this office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Payment can be mailed to 4524 Southlake Parkway, Suite 15, Hoover, AL 35244. Our phone number is 1-877-322-9724 or you can pay online using the website address and password below.



Scan this code with your smartphone to pay your bill online

PAY ONLINE AT: http://lberkowitz3aabq.revexpress.com

PASSWORD: leeo#746

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Jason Borkovec

Director of Operations